IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JOSE SALDIVAR § | |
| PLAINTIFF § | |
| § | |
| V. § | CIVIL ACTION NO. _____ |
| § | |
| AMGUARD INSURANCE CO. § | |
| DEFENDANT § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND**
**REQUEST FOR DECLARATORY JUDGMENT**

Plaintiff, Jose Saldivar, files this Original Complaint and Request for Declaratory Judgment against Defendant, AmGUARD Insurance Co., and alleges as follows:

**PARTIES**

1. Plaintiff, Jose Saldivar, is an individual residing in Jim Wells County, Texas at 361 CR 321, Orange Grove, Texas 78372.

2. Defendant, AmGuard Insurance Company, a foreign insurance earner, organized and existing under the laws of Pennsylvania and authorized to conduct business in Texas, has its principal place of business located at 39 Public Square, Wilkes-Barre, Pennsylvania 18703.  The Court may exercise personal jurisdiction over Defendant AmGuard Insurance Company because Defendant does a substantial amount of business in Texas and is subject to the exercise of general jurisdiction.  Defendant is also subject to specific jurisdiction because its contacts with Texas are directly related to Plaintiffs' claim herein.  Defendant may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs. Jurisdiction is proper in this Court as Plaintiff seeks damages in an amount within the jurisdictional limits of this Court. Plaintiff seeks monetary relief pursuant to Texas Rule of Civil Procedure 47(c)(5) and d.

4. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

**BACKGROUND FACTS**

5. The underlying incident occurred on or about September 6, 2019 in Webb County, Texas.

6. Defendant's insured, STRONGWAY, INC.'s and their employee driver, MALIK ABDUL ALEEM, was operating a commercial tractor trailer, specifically a 2016 Casadia 125 Freight liner (VIN #3AKJGLD52GSGU1036) owned by DEFENDANT STRONGWAY INC.

7. Defendant STRONGWAY, INC.'s employee driver, MALIK ABDUL ALEEM, was traveling south bound on FM 3338 and due to inattentiveness or while attempting to beat oncoming traffic, failed to yield the right of way at a stop sign causing the vehicles to crash.

8. As a result, thereof, Plaintiff filed *Jose Salidivar v. Strongway, Inc. Malik Abdul Aleem and Gonchar Vyacheslan*; Cause No. 2020-CV-A001913-D2 in the 111th District Court, Webb County, Texas. Strongway, Inc. was properly served with process by serving its registered agent, Yefim Adreyevich Nagornyy on December 11, 2020 by personal service

9. Strongway, Inc. did not file an answer and Plaintiff moved for entry of default judgment, notice of the default hearing was provided to last know addresses, after hearing the motion was granted by the Court on March 4, 2021.  A hearing on liquidated damages was set for April 15, 2021, at which defendant again failed to appear.  Out of abundance of caution the hearing was reset for June 16, 2021 and additional notice provided to the defendant through their registered agent for service of process. Defendant again failed to appear before the court. Live testimony and medical affidavits were offered and placed into evidence. Rulings on damage amounts were rendered.

10. Final Judgment was entered on July 1, 2021 for the sum of $738,048.84 with post-judgment interest thereon at the rate of file percent (5%) per annum.  ***Exhibit A*, Final Judgment as to Strongway, Inc.**

11. At all relevant times, Strongway, Inc. was insured by Defendant through Policy No. NCFR 006575, which included a "Form F" endorsement and/or "MCS-90" endorsement. January 25, 2022, Plaintiffs sent notice of the judgment and demand for payment to Defendant which included: *Certification of Defendant's Last Known Address, Abstract of Judgment, Clerk's Entry of Default,* and *Default Judgment.* **Exhibit "B", Demand to Pay Judgment.** To date, Defendant has failed to make payment in accordance with the requirements of the MCS-90 and/or Form F endorsement.  The provisions of the bond are clearly set forth in this Complaint.

### REQUEST FOR DECLARATORY JUDGMENT

12. Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein. Plaintiff now brings this suit for a declaratory judgment under TEXAS CIVIL PRACTICE AND REMEDIES CODE Chapter 37, FEDERAL RULE OF CIVIL PROCEDURE 57, 28

U.S.C. §2201, and 28 U.S.C. §2202 seeking a declaratory judgment establishing the amount Defendant is obligated to pay Plaintiff under the MCS-90 and/or "Form F" endorsement and enforcement of the judgement.

13.     At all relevant times, Strongway, Inc. was insured by Defendant through Policy No. NCFR 006575, which included a "Form F" Endorsement and/or "Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980," also known as the Form MCS-90 endorsement, as required by state and federal law, which states:

> In consideration of the premium stated in the policy to which this endorsement is attached, **the insurer agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured** for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or prope1iy transpo1ied by the insured, designated as cargo. It **is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment,** within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement. It is further understood and agreed that, **upon failure of the company to pay any final judgment recovered against the insured as provided herein, the _judgment creditor may maintain an action_ in any court of competent jurisdiction _against the company to compel such payment._**

49 C.F.R §387.15 (emphasis added).

> The certification of the policy, as proof of financial responsibility under the provisions of any state motor carrier law or regulations promulgated by any state commission having jurisdiction with respect thereto, **amends the policy to provide insurance for automobile bodily injury and property damage liability** in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby; provided only that the insured agrees to reimburse the company for any payment made by the **company which it would not have been obligated to make under the terms of this policy except by reason of the obligation assumed in making such certification.**

Form F, Uniform Motor Carrier Bodily Injury and Prope1iy Damage Liability Insurance Endorsement (emphasis added).

> . . . **a policy of insurance** ... by attachment of the Uniform Motor Carrier Bodily Injury and Prope1iy Damage Liability Insurance Endorsement, has or have been **amended to provide automobile bodily injury and property damage liability insurance covering the obligations imposed upon such motor carrier** by the provisions of the motor carrier law of the State in which the Commission has jurisdiction or regulations promulgated in accordance therewith...

Form E, Uniform Motor Carrier Bodily Injury and Property Damage Liability Ce1iificate of Insurance (emphasis added).

14. Texas adopted numerous parts of the Federal Motor Carrier Safety Regulation including 49 C.F.R. §387 and all interpretations thereto to "ensure that the minimum levels of financial responsibility for motor carriers . . . in interstate, foreign, or intrastate commerce is maintained. . ." Tex. Admin. Code §4.11(a)(5). The MCS-90 endorsement is codified in 49 C.F.R. §387.15. Furthermore, Texas requires motor carriers to certify insurance requirements by filing a "Form E" with the Texas Department of Transportation to identify its "Form F" insurer. *Nat'l Cas. Co. v. Lane Express, Inc.,* 998 S. W.2d 256 (Tex.App.-Dallas 1999). A "Fom1 F" endorsement operates as a bond in the same manner as an MCS-90 endorsement by ensuring "that liability insurance is always available for the protection of motorists injured by commercial motor carriers." *Id.*

15.     The MCS-90 endorsement and "Form F" endorsement creates an obligation, running to the public, to pay any judgment resulting from the negligence of the insured party's operations, maintenance, or use of a commercial motor vehicle, even if the vehicle is not identified or covered under the insurance policy to which the endorsement is attached. *T.H.E. Ins. Co. v. Larsen Intermodal Services, Inc.*, 242 F.3d 667, 672 (5th Cir. 2001 ). As such, upon obtaining judgment against Strongway, Inc., Plaintiff became entitled to seek payment from Defendant. Plaintiff presented a demand for payment of the judgment on January 25, 2022. Defendant has ignored and refused to pay Plaintiff's claim.

## RELIEF SOUGHT

16.     Plaintiff seeks a Declaratory Judgment from this Court establishing Plaintiff's right to receive payment from Defendant pursuant to the terms of the Form F. endorsement to liability policy at issue. *See 49 C.F.R. §387.15.; see also Real Legacy Assurance Co. v. Santori Trucking, Inc.*, 560 F.Supp.2d 143, 146 (D.P.R. 2008) (stating the language of §387.15 does no limit the liability under the policy); *Stevens v. Fireman's Fund Ins. Co.,* 2002 WL 31951274, at *6-8 (S.D. Ohio Nov. 6, 2002) (potential liability under MCS-90 constrained by stated policy limit, aff'd, 375 F.3d 464 (6th Cir. 2004)*; Hamm v. Canal Inc. Co.*, 10 F.Supp.2d 539, 545-48 (M.D.N.C. 1998 (liability under MCS-90) established by face value of policy), aff'd, 178 F.3d 1283 (4th Cir. 1999); *Carolina Cas. Ins. Co. v. Zinsmaster,* 2007 W. 670937, at *4-5 (N.D.Ind. Feb. 27, 2007) (payment amount under MCS-90 is amount of coverage under policy).

**PRAYER**

17. For these reasons, Plaintiff, Jose Saldivar, prays he be awarded a judgment against Defendant, AmGUARD Insurance Company for the above-stated relief sought and all other relief the Court deems appropriate.

Respectfully submitted,

HERRMAN & HERRMAN, LLC
THE MAS BUILDING
855 E HARRISON, Texas 78520
Telephone: (361) 8824357
Facsimile: (361) 883-7957

By: */s/ Cary M. Toland*
Cary M. Toland
State Bar No. 00785112
Fed. Bar No. 17558
ctoland@herrmanandherrman.com

ATTORNEY FOR PLAINTIFF